# St. Clair *v.* Caldwell & Riddle.

*Statutory Trial of Right of Property in Mule.*

1. *Amendment of verdict.*—A general verdict is always sufficient, when it responds in substance to every material fact involved in the issue; and the court may put it in proper form, with or without the consent of the jury; but, when the verdict is defective in substance, the court has no power to amend it, but should send the jury back for further deliberation; and if it is received, and the jury discharged, the court has no power to convene the jurors on a subsequent day, and let them perfect it.

2. *Same; form and sufficiency of verdict.*—In detinue, or the corresponding statutory action for the recovery of personal property in specie, brought by two plaintiffs suing jointly, both must recover, or neither can; and a claim to the property being interposed by a third person, a verdict in favor of one of the plaintiffs only is defective in substance, and can not be amended by the court; not can it be amended by the jury, on a subsequent day, after they have been discharged.

APPEAL from the Circuit Court of Jackson.
Tried before the Hon. H. C. SPEAKE.

L. C. COULSON, for appellant.

ROBINSON & BROWN, *contra.*

STONE, J.—Caldwell and Riddle jointly brought an action for a mule, against Fennell. The suit was under the statute which provides for the recovery of chattels in specie; and the plaintiffs having complied with the statute, by making oath that the property belonged to them, and by giving bond, obtained an order for the seizure of the property, and it was seized. Thereupon, St. Clair made claim to the property, under the statute, and a trial of the right to the property was then had between Caldwell and Riddle as plaintiffs, and St. Clair as claimant. The hour of adjournment having arrived, while the jury were considering of their verdict, counsel, in open court, agreed that the clerk might receive the verdict in the absence of the court. The verdict was brought in during the recess of the court, and was received by the clerk, and the jury permitted to disperse. The verdict was in the following form: "We, the jury, find a verdict in favor of plaintiff Rid-

[St. Clair v. Caldwell & Riddle.]

dle, and value the mule at ninety dollars, and its service at fifteen dollars a year; total amount, one hundred and twenty dollars." This was on the 16th October. On the next day, 17th, the attorneys for the parties were asked [by the court, mansfestly], if they would consent that said verdict should be put in proper form; and defendant's attorney objected. "On the 19th of the month, the said jury, being replaced in the box on motion of plaintiffs' attorney, that said verdict should be placed in proper form, and being properly charged by the court as to the form of their verdict, returned into court the following verdict: 'We, the jury, find a verdict in favor of the plaintiffs, and against the claimant, St. Clair, and value the mule at ninety dollars, and the value of its service at thirty dollars.'" On this rendering of the verdict, judgment was pronounced by the court; and this is assigned as error.

As a rule, there is no particular form in which verdicts shall be rendered. General verdicts are always sufficient, if they respond in substance to every material fact involved in the issue. And doing this, the court commits no error by putting the verdict in form. The verdict may be either written or oral, and it is always sufficient, if it respond substantially to the questions of right the issue or issues raise. All else is form, which the court can supply with or without the consent of the jury.—*Ewing v. Sandford*, 21 Ala. 157.

It is different when the verdict is imperfect in substance, and does not respond affirmatively, or by necessary implication, to the issues as formed. Such verdict is imperfect, not in form, but in substance. The presiding judge should not receive an imperfect verdict, but should remand the jury for further deliberation, under appropriate instructions. If the court were to attempt to aid such verdict, it would become, not the verdict of the jury, but of the court.—*Lee v. Campbell*, 4 Por. 198; *Sewell v. Glidden*, 1 Ala. 52; *Layman v. Hendrix, Ib.* 212; *Wittick v. Traun*, 27 Ala. 562; *Clay v. The State*, 43 Ala. 350; *Walters v. Jenkins*, 16 Serg. & R. 414; Proffatt on Jury Trials, § 456.

The present action being by Caldwell and Riddle, suing jointly, the paramount fact to be found by the jury, to sustain their action, was their joint ownership of the mule. They had sued jointly, and, as the pleadings stood, must recover jointly, or not at all. Hence, when the jury returned a verdict that Riddle was entitled to recover, they did not respond to the issue before them, and no judgment in favor of the plaintiffs, or either of them, could be rendered upon it.

Could the court, three days afterwards, re-assemble the jury, and have them perfect their verdict? It would be a dangerous practice, and might lead to great abuse.— *Walters v. Jenkins*,

16 Serg. & R. 414. No precedent for it has been produced or found. In the case of *Brister v. The State*, 26 Ala. 107, this court held that the jury, which amended its verdict in that case, had never in fact been discharged, or gone beyond the immediate, continuous control of the court. That case, then, is not an authority for the appellees. *Waller v. The State*, 40 Ala. 325, is strongly the other way. True, these were State cases; but, on the question we are considering, they tend strongly to put the Circuit Court in error in this case. The Circuit Court should have set the verdict aside, and awarded a *venire de novo*.

Reversed and remanded.