### HUCKABAA v. STATE. (4 Div. 726.)

(Court of Appeals of Alabama. May 16, 1922.
Rehearing Denied June 20, 1922.)

**1. Criminal law ⊕⇒875(2)—Verdict omitting word "guilty" held sufficient to support conviction.**

A verdict "We, the jury, find the defendant and assess a fine of $50," is sufficient to support a conviction.

**2. Criminal law ⊕⇒1169(5)—Admission of improper evidence cured by instruction to disregard it.**

Where the court admits improper testimony, and afterwards excludes it, and clearly and emphatically instructs the jury to disregard this testimony, the error is cured, unless it has so prejudiced the jury as to be impossible of eradication.

**3. Criminal law ⊕⇒394—Evidence illegally obtained admissible.**

Evidence, though illegally obtained, is admissible.

**4. Criminal law ⊕⇒858(3)—Jury may take liquor admitted in evidence into jury room.**

The jury may properly take into the jury room liquor found in defendant's possession and introduced in evidence.

Appeal from Circuit Court, Covington County; Arthur B. Foster, Judge.

George O. Huckabaa was convicted of violating the prohibition law, and he appeals. Affirmed.

Certiorari granted by Supreme Court in Ex parte Huckabaa, 209 Ala. 4, 95 South. 42.

A. Whaley, of Andalusia, for appellant.

A judgment of guilt, in the absence of the word "guilty," is erroneous, and on direct appeal should be reversed. Where it is shown that evidence is obtained in violation of the defendant's constitutional rights, such evidence should, on motion, be excluded.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

SAMFORD, J. [1] If the intention of the jury is clearly manifested, the omission of the word "guilty" will not vitiate the verdict. The following verdict: "We, the jury, find the defendant and assess a fine of $50"— is sufficient to support a judgment of guilt. 27 R. C. L. 859, § 31.

[2] When the court during the trial of a cause commits error in admitting testimony, and afterwards excludes it, and clearly and emphatically instructs the jury to disregard such testimony, the error is cured, unless the error has so prejudiced the jury as to be im-possible of eradication. Davis v. State, 18 Ala. App. 482, 93 South. 269.

[3] This court and the Supreme Court have recently held, in line with the long-established rule, that evidence, though illegally obtained, is admissible in evidence.

[4] The bottle of liquor found in defendant's possession was introduced in evidence, and the jury properly took it with them in the jury room while considering this verdict. There can be no doubt about the correctness of the court's ruling on this point.

We find no error in the record, and the judgment is affirmed.

Affirmed.