(95 South. 42)

## Ex parte HUCKABAA.

## HUCKABAA v. STATE.

### (4 Div. 14.)

(Supreme Court of Alabama. Nov. 9, 1922.)

**Criminal law  &Longleftrightarrow;881(1)—Verdict omitting express finding of guilt defective.**

A verdict in words, "We, the jury, find the defendant and assess a fine of $50," is material-ly defective in substance for omission of the word "guilty."

McClellan and Gardner, JJ., dissenting.

Certiorari to Court of Appeals.

George O. Huckabaa was convicted of violating the prohibition law, which conviction was affirmed by the Court of Appeals, and he brings certiorari. Writ granted.

George O. Huckabaa was convicted of an offense and appealed to the Court of Appeals. The judgment of conviction was affirmed by the Court of Appeals, and defendant brings his petition for certiorari to review and revise the judgment and decision of said court in the case of Huckabaa v. State, 95 South. 587. Writ granted.

A. Whaley, of Andalusia, for petitioner.

A judgment of guilt, in the absence of the word "guilty" in the verdict, is defective in substance and should be vacated. 79 Ala. 34; 75 Ala. 40; 72 Ala. 527; 43 Ala. 350.

Harwell G. Davis, Atty. Gen., opposed.

Brief of counsel did not reach the Reporter.

MILLER, J. The defendant, George O. Huckabaa, was tried by a jury under an indictment charging him with violating the prohibition law. The jury returned this verdict: "We, the jury, find the defendant and assess a fine of $50." It was received by the court, placed on record, and judgment of guilt entered thereon.

The verdict is defective. It does not find the defendant guilty of the charge in the indictment. The word "guilty" is not in the verdict. The defect is of substance. It is a material, the most material, fact in issue. The fine assessed must be based by the jury on the guilt of the defendant, and on it the judgment of guilt must be pronounced and entered of record by the court. Without a declaration of the guilt of the defendant by the jury in their verdict, there could be no fine assessed by them, and there could be no judgment of the court of the guilt of the defendant of the charge in the indictment. This word is too important, too essential, and the fact too material to the issue to be supplied in a verdict by intendment by the court. The judgment of the guilt of the defendant entered by the court was error without and in the absence of the verdict of a jury declaring the defendant guilty. St. Clair v. Caldwell & Riddle, 72 Ala. 527; Dover v. State, 75 Ala. 40; Allen v. State, 79 Ala. 34; Waller v. State, 40 Ala. 325; Clay v. State, 43 Ala. 350.

Writ granted.

ANDERSON, C. J., and SAYRE, SOMERVILLE, and THOMAS, JJ., concur.

McCLELLAN and GARDNER, JJ., dissent.