**HUCKABAA v. STATE.   (4 Div. 726.)**

(Court of Appeals of Alabama.   Jan. 16, 1923.
Rehearing Denied Feb. 6, 1923.)

1. Criminal law ⬤⟿1191—Judgments and findings reviewable at any time during term at which transferred cause disposed of.

After a cause has been transferred to the Court of Appeals, its judgments and findings are reviewable at any time during the term at which the cause was disposed of.

---

**2. Criminal law ⬪1110(1)—Court of Appeals may issue such orders or writs pending final disposition of cause necessary to perfect record.**

Pending final disposition of a cause, the Court of Appeals may issue such orders or writs as are necessary to perfect the record, so as to make it speak the truth.

**3. Criminal law ⬪1110(1) — Where transcripts submitted incorrect in material particular, order will issue to bring up correct record.**

It is the duty of the appellate courts to correct real errors committed by inferior courts in the trial of cases before them, upon correct transcripts of the records and proceedings had upon the trial, and it is the duty of the appellant to see that the transcript is correct; and, if, after submission, it is made known to the court that the transcript as submitted is not correct in a material particular in a proper case, the submission will be set aside, and proper orders made to bring up the correct record.

Appeal from Circuit Court, Covington County; Arthur B. Foster, Judge.

George O. Huckabaa was convicted of violating the prohibition laws, and he appeals. Affirmed.

Certiorari denied, 209 Ala. 541, 96 South. 643.

A. Whaley, of Andalusia, for appellant.

Where a cause has been submitted upon the record, and the question of a defect therein is not raised by the losing litigant until after final judgment and decision, the defect is waived, and certiorari should not be awarded. Adams & Knapp v. Horsefield, 14 Ala. 223; Kerley v. Vann, 52 Ala. 7; Mobile Mut. Ins. Co. v. Cleveland, 76 Ala. 321; Curry v. Underwood, 50 Ala. 258; Hardaman v. State, 17 Ala. App. 49, 81 South. 449; Rushton v. Davis, 127 Ala. 287, 28 South. 476; Acts 1915, p. 816; Supreme Court Rules, 16, 19.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

SAMFORD, J. The defendant was convicted in the circuit court on a charge of violating the prohibition law. On May 16th the judgment of conviction was affirmed. 95 South. 587.[1] On June 20, 1922, application for rehearing was overruled, and defendant applied to the Supreme Court for writ of certiorari, which writ was granted and the cause remanded to this court. 95 South. 42.[2] November 16, 1922, the submission was set aside, certiorari granted directed to the circuit clerk to send up a corrected record, and, upon a corrected record being filed, the cause was resubmitted.

The corrected record shows a completed verdict answering the opinion of the Supreme Court, and, there being no further conflict between the opinion of the Supreme Court and the original opinion of this court, the judgment is again affirmed.

On Motion by Appellant to Vacate Orders of This Court Setting Aside Original Submission Awarding Certiorari to Circuit Clerk, and Resubmission, on Return of Certiorari Correcting Record in Circuit Court.

[1, 2] On February 2, 1922, this cause was submitted on brief; on May 16, 1922, the judgment of the circuit court was affirmed (95 South. 587[1]); this court holding in the opinion that the verdict appearing in the original record was sufficient upon which to base and support a judgment. On certiorari to the Supreme Court it was held that in this particular the Court of Appeals was in error, and on November 10, 1922, the writ was granted. 95 South. 42.[2] This had the effect of remanding the cause to this court for further consideration. On November 16th it was made known to the court by proper motion of the Attorney General that the original record on which the cause had been submitted was incorrect, the original submission was set aside and certiorari awarded. Return of the writ being presently made, on motion of the Attorney General resubmission was had, on the motion of appellant and on the merits. It is not pretended by appellant that the return to the writ of certiorari does not speak the truth, the contention being that, while the verdict of the jury as recorded in the circuit court was actually without error, as transferred originally to the Court of Appeals, the word "guilty" was omitted, and, as this court and the Supreme Court had passed upon the record in its imperfect condition, holding that, as there appearing, the cause should be remanded, this court cannot or should not now bring up the correct record of the circuit court for consideration. It seems to us that a statement of the proposition suggests the correct answer. After a cause has been transferred to this court its judgments and findings are reviewable at any time during the term at which the cause was disposed of, and pending final disposition this court may issue such orders or writs as are necessary to perfect the record, so as to make it speak the truth. Addington v. State, 16 Ala. App. 685, 77 South. 993; Minto v. State, 9 Ala. App. 95, 64 South. 369; Ex parte Adams, 187 Ala. 10, 65 South. 514.

[3] It is the duty of Appellate Courts to correct real errors, committed by inferior courts in the trial of cases before them, upon correct transcripts of the records and proceedings had upon the trial, and it is the

---

[1] Ante, p. 11.
[2] 209 Ala. 4.

[1] Ante, p. 11.
[2] 209 Ala. 4.

duty of the appellant to see that the transcript is correct; and, if, after submission, it is made known to the court that the transcript as submitted is not correct in a material particular, in a proper case the submission will be set aside and proper orders made to bring up the correct record.

## On Application for Modification of Opinion.

On the affidavit of appellant's counsel, on file in this case, the former opinion on motion by appellant to vacate certain orders of this court, etc., is modified in conformity to conclusions drawn from a consideration of the affidavit.

Application for rehearing overruled.