41 So.2d 632

## HUNTER v. STATE.

### 7 Div. 937.

Court of Appeals of Alabama.
July 19, 1949.

Merrill, Merrill & Vardaman, of Anniston, for appellant.

A. A. Carmichael, Atty. Gen., and Jas. T. Hardin, Asst. Atty. Gen., for the State.

HARWOOD, Judge.

This appellant was tried on an indictment charging him with the transportation of prohibited liquors in quantities of five gallons or more.

The evidence presented below was in hopeless conflict. The State's evidence, elicited from law enforcement officers, abundantly tended to establish appellant's guilt.

The evidence presented by the defense was likewise abundant in its tendencies to establish an alibi for the appellant, by showing his presence in Memphis, Tennes-

see, at the time of the interception by the officers of the automobile containing some fifty gallons of corn whiskey. Appellant's evidence tending to support an alibi consists of the testimony of certain witnesses, and certain documentary evidence consisting of freight receipts, load manifest, and a hotel bill receipt. Thus basically purely a question of fact solely within the province of the jury to resolve was presented.

The verdict returned by the jury was as follows:

"We, the jury find the defendant as charged in the indictment.

"W. S. Weatherly, Foreman."

In Huckabaa v. State, 19 Ala.App. 11, 95 So. 587, 588, this court considered the sufficiency of a verdict in the following terms: "We, the jury, find the defendant and assess a fine of $50," and concluded that the intention of the jury was clearly manifest, and that the omission of the word "guilty" from the verdict did not vitiate it.

However, on certiorari a majority of the Supreme Court reached a contrary conclusion, See Huckabaa v. State, 209 Ala. 4, 95 So. 42, and made the following observation:

"The verdict is defective. It does not find the defendant guilty of the charge in the indictment. The word 'guilty' is not in the verdict. The defect is of substance. It is a material, the most material, fact in issue. The fine assessed must be based by the jury on the guilt of the defendant, and on it the judgment of guilt must be pronounced and entered of record by the court. Without a declaration of the guilt of the defendant by the jury in their verdict, there could be no fine assessed by them, and there could be no judgment of the court of the guilt of the defendant of the charge in the indictment. This word is too important, too essential, and the fact too material to the issue to be supplied in a verdict by intendment by the court. The judgment of the guilt of the defendant entered by the court was error without and

in the absence of the verdict of a jury declaring the defendant guilty. St. Clair v. Caldwell & Riddle, 72 Ala. 527; Dover v. State, 75 Ala. 40; Allen v. State, 79 Ala. 34; Waller v. State, 40 Ala. 325; Clay v. State, 43 Ala. 350."

On the authority of the Supreme Court decision in the Huckabaa case, supra, this court has held the following verdicts defective because of the omission of the word "guilty":

"We, the jury, find the defendant as charged in count two of the indictment." Malone v. State, 19 Ala.App. 554, 98 So. 915.

"We, the jury, find the defendant." Moore v. State, 22 Ala.App. 148, 113 So. 479.

The Attorney General argues that because the verdict found in the present case contains the phrase "as charged in the indictment," that the clear intention of the jury was to find the defendant guilty. In our opinion the phrase "as charged in the indictment" is far less cogent in manifesting the intention of the jury than was the phrase "and assess a fine of $50" appearing in the Huckabaa case, supra, in showing the intent of the jury. Under the conflicting evidence of the present case we think it could be as reasonably argued that the jury intended to find the defendant "not guilty" as "guilty." The elements of surmise and speculation would be present if any attempt were made to determine the true meaning of the verdict in this case. Such elements render this verdict defective.

The verdict being defective, it follows necessarily that the judgment entered by the court adjudging the defendant guilty, and imposing a sentence on him, is erroneous. Huckabaa v. State, supra.

For the reasons above stated this cause must be reversed and remanded. It is so ordered.

Reversed and remanded.

BRICKEN, P. J., not sitting.