**BURNETT v. STATE.**

**5 Div. 346.**

Court of Appeals of Alabama.

June 10, 1952.

Rehearing Denied June 30, 1952.

490

J. B. Atkinson, Clanton, for appellant.

Si Garrett, Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., and Maury D. Smith, Montgomery, of counsel, for the State.

HARWOOD, Judge.

This appellant stands convicted of transportation of prohibited liquors in quantities of five gallons or more.

Appellant's automobile was stopped by officers in the City of Clanton. Five glass bottles or jugs containing moonshine whiskey were found therein.

The appellant admitted ownership of the liquor from the witness stand, but contended that at the time he bought the whiskey he had poured a quart from one of the bottles.

The testimony of two peace officers as to the quantity of whiskey they seized was however to the effect that after taking the whiskey to the city hall they had measured the contents of the bottle or jug containing the smallest amount of liquor, and that such bottle contained eight pints and about a half pint more.

One of the officers testified he had measured the contents of this jug with a bottle which had a legend on it that it was a pint bottle. The other officer had measured the contents with a tin measuring cup which he had bought at a hardware store. The cup had stamped in it that it was a pint cup.

Further, the five bottles and their contents were introduced in evidence, and one or more of the State's witnesses testified that in their judgment there was five gallons or more of whiskey contained in them.

Counsel for appellant argues that the evidence introduced by the State was insufficient in that there was no proof that the whiskey was measured by any standard measuring device.

The evidence presented by the State as to the quantity of whiskey was in our opinion ample in its tendencies authorizing the jury to find, under the required rule, that the jugs contained five gallons or more of prohibited liquor.

Among the grounds of his motion for a new trial appellant asserts that the five brown glass bottles or jugs of whiskey which were received in evidence were placed on a table about ten feet in front of the jury and were not later carried into the jury room when the jury retired to deliberate the case. An affidavit by one of the jurors to this effect was introduced in support of the motion for a new trial, which motion was denied by the lower court.

As a general rule, permitting jurors to take intoxicating liquor, introduced as

evidence, into the jury room is frowned upon. 23 C.J.S., Criminal Law, § 1369.

· However in this State it has been declared a proper thing to do. Huckabaa v. State, 19 Ala.App. 11, 95 So. 587, certiorari denied 209 Ala. 4, 95 So. 42.

We do not think however that it follows as a corollary that exhibits introduced into evidence *must* be taken to the jury room. These bottles and their contents were introduced in the early part of the trial, and were before the jury and within ten feet thereof, during the entire proceedings. The jury did not request that the bottles be brought to the jury room, nor did the appellant make such demand. Under such circumstances it is our conclusion that the court below correctly ruled in denying appellant's motion for a new trial on the ground asserted.

Affirmed.