Malone, Malone & Steele, Athens, and Jas. H. Tompkins, Tuscumbia, for appellant.

130 So.2d 359

**William MALONEY**

**v.**

**STATE.**

**8 Div. 706.**

Court of Appeals of Alabama.

Feb. 21, 1961.

Rehearing Denied March 14, 1961.

MacDonald Gallion, Atty. Gen., and Robt. M. Hill, Jr., Asst. Atty. Gen., for the State.

PRICE, Judge. ·

Appellant stands convicted of transporting prohibited liquors in violation of Title 29, Sec. 187, Code of Alabama 1940.

The only testimony introduced on the trial was that of the sheriff and his deputy who testified they had apprehended appellant while he was driving a 1959 Dodge automobile through Limestone County with some 75 gallons of whiskey.

Appellant's only insistence of error is that the court erred in refusing to grant appellant a new trial on the ground that the sheriff and his deputies conducted themselves improperly with the jury.

Elvin Hastings, a spectator at the trial, testified at the hearing on the motion for a new trial on behalf of the movant. He testified that a few seconds after the jury had retired to the jury room prior to beginning deliberations, the sheriff and two of his deputies carried four cases of whiskey into the jury room and remained in the jury room for about a minute. Hastings said that the door to the jury room had not been closed and that he saw the sheriff and one of his deputies talking but did not hear what was said or know to whom it was said; that one of defendant's attorneys walked to where he was sitting, called the matter to his attention and watched the proceedings with him.

Two jurors who sat on the case testified that the sheriff and two deputies brought four cases of whiskey into the jury room just as the jury was entering. They further testified that the door to the jury room had not been closed; that deliberations had not begun; that the officers did not speak to any member of the jury, and that the officers were in the jury room between a half-minute and a minute.

The sheriff and the two deputies testified they carried four cases of whiskey which had been introduced in evidence into the jury room as the jury was filing in; that the door had not been closed and that the jury had not begun deliberating. They further testified they had no communication with any of the jury, but they did talk among themselves. While in the jury room the sheriff made substantially the following statement to one of the deputies: "Kind of set yours down not on top of each other where they can see it." After placing three of the cases of whiskey in the jury room one of the deputies said that he would go get the fourth case and the sheriff said he would get it, which he did. The officers then left the jury room. It also appears from the testimony introduced on the motion that the bailiff in charge of the jury was suffering from chronic palsy and was not physically able to take the evidence into the room. After hearing the evidence, the trial court overruled the motion for a new trial.

The four cases of whiskey, having been introduced in evidence as a portion of the whiskey appellant was transporting, were properly before the jury during its deliberation. Burnett v. State, 36 Ala. App. 489, 59 So.2d 824.

We have carefully examined the decisions cited by appellant, most of which are collected and discussed in the recent case of Miles v. State, 261 Ala. 670, 75 So.2d 479.

The case at bar must be distinguished from those cases wherein there was a sep-

aration of the jury, a communication between some officer and the jury, or where an officer who had been a material witness was in charge of the jury.

Each case of conduct possibly influencing the jury must be judged by its own particular facts. Miles v. State, supra; Oliver v. State, 232 Ala. 5, 166 So. 615.

In the Miles case, supra [261 Ala. 670, 75 So.2d 480], the court quoted with approval from the leading case of Oliver v. State, supra, saying:

"It is established that in their deliberation the jury should be separated from and uninfluenced by the outside world. Any misconduct that might influence the jury, affect the verdict rendered or the punishment fixed, is a cause for a new trial. The test of vitiating influence upon a jury authorizing a new trial is not whether it did influence the jury to act without the evidence, but whether it might have unlawfully influenced the jury in the verdict returned, as to its nature, character, or degree, or the amount and extent of the punishment fixed by the jury within the statute. The authorities on this subject are collected in Roan v. State, 225 Ala. 428, 435, 143 So. 454; Leith v. State, 206 Ala. 439, 443, 444, 90 So. 687; Lakey v. State, 206 Ala. 180, 182, 89 So. 605."

Applying the above test to the facts of the instant case, we can see nothing in the conduct of the sheriff or his deputies which "might have unlawfully influenced the jury in the verdict returned." The trial judge was therefore correct in denying appellant a new trial on this ground.

We note here that the punishment for the offense of "transporting" is fixed by the trial judge and not the jury and that the alleged misconduct of the officers could have had no possible effect upon the punishment imposed.

We have carefully examined the entire record in the case at bar and have found no error which would warrant a reversal of the judgment.

Affirmed.

