258 So.2d 917

Joseph Raymond **HARMON**

v.

**STATE.**

**7 Div. 89.**

Court of Criminal Appeals of Alabama.

March 7, 1972.

Marshall H. Sims, Trussville, for appellant.

William J. Baxley, Atty. Gen., and J. Victor Price, Jr., Asst. Atty. Gen., for the State.

PER CURIAM.

The appellant appeals from a conviction of grand larceny with sentence fixed by the court at ten years imprisonment.

The indictment charged the appellant with grand larceny and also with buying, receiving and concealing stolen property, etc. The verdict of guilty of grand larceny under count one has the effect of acquittal of the other charge under count two. Coates v. State, 36 Ala.App. 371, 56 So.2d 383.

The sufficiency of the evidence to support a conviction is not before this court since the affirmative charge was not requested in the lower court. No motion to exclude the State's evidence generally was made and no motion for a new trial was made after the verdict. Mims v. State, 23 Ala.App. 94, 121 So. 446; Sharp v. State, 21 Ala.App. 262, 107 So. 228. However, from our study of the record there appears substantial evidence to support the conviction of appellant.

The appellant in brief bases his argument for error on certain evidence offered by the State and admitted by the court over his objection. This evidence consisted of actions and statements of the appellant shortly before the alleged larceny of the Ford Mustang automobile described in the indictment. A brief review of the circumstances existing at the time as shown by the evidence is appropriate.

The witness Ed Isom, his wife, Mrs. Lynn Isom, and fourteen day old baby were visiting in the home of Mr. William Vernon Adams, the father of Mrs. Isom, at about 9:00 P.M. on September 3, 1968, at which time Isom, his wife and her grandmother were in the kitchen. The appellant suddenly appeared in the room waving a pistol in his hand and said in substance, "Don't nobody move or we will kill the baby." He further said, "They had killed a cop, and didn't care how many others they killed." Appellant was described as being barefooted, wearing no shirt and having long black hair down to his shoulders. He and another man forced Isom and Adams into an upstairs closet and nailed them in. The other occupants were taken to the basement. Mrs. Isom testified that after a few minutes

the appellant appeared again with the keys to a Mustang automobile parked in the yard and said, "There is a Mustang out there, we will take it. Here are the keys." In her judgment she recognized a key holder or key ring that held the keys to the Mustang in his hands. The appellant left the house and Isom and Adams broke out of the closet. They observed that the Mustang, which was the property of Mr. Ben H. Smith, was gone from the Adams' premises where it had been parked. About one hour had passed since appellant's appearance. Later in the evening a deputy sheriff observed the automobile parked on a road a few miles away and saw a young man with long dark hair, resembling appellant, at the wheel. The automobile, along with two other automobiles parked nearby, escaped before the officer could turn his car around and reach it to investigate.

■ The appellant contends that the statement that he had killed a cop had reference to a separate crime from the one for which he was on trial, that it was inflammatory and prejudicial and violated the rule that the evidence on a trial for a particular crime must be restricted to that charge, and that evidence of distinct and independent crimes are not admissible. He cites McCary v. State, 39 Ala.App. 642, 107 So.2d 903, and the cases cited therein.

This is undoubtedly the general rule but there is an exception to the rule which we think applies to the facts in this case. In *McCary*, supra, cited by appellant the Court said:

"Exceptions to the rule that prior offenses by an accused are inadmissible have been developed, where such offenses are relevant, and material on the question of knowledge, intent, plan or design, motive, identity, and inseparable crimes as part of the res gestae of the offense charged. McMurtrey v. State, supra [37 Ala.App. 656, 74 So.2d 582]; Mason v. State, supra [259 Ala. 438, 66 So.2d 557, 42 A.L.R.2d 847]."

A further statement of the exceptions is found in Baggett v. State, 45 Ala.App. 320, 229 So.2d 819, wherein this Court stated:

"The well established general rule is that proof of separate and distinct crimes is not admissible, unless such proof has some legitimate tendency to shed light on motive, intent, scienter, or identity, so as to directly establish the defendant's guilt of the charge for which he is on trial."

See also Williams v. State, 245 Ala. 32, 15 So.2d 572; Garner v. State, 269 Ala. 531, 114 So.2d 385.

McMurtrey v. State, 37 Ala.App. 656, 74 So.2d 528, quotes with approval these exceptions as set out in Wharton's Criminal Evidence, § 31, as follows:

"(1) Relevancy as part of res gestae. (2) Relevancy to prove identity of person or of crime. (3) Relevancy to prove scienter, or guilty knowledge. (4) Relevancy to prove intent. (5) Relevancy to show motive. (6) Relevancy to prove system. (7) Relevancy to prove malice. (8) Relevancy to rebut special defenses. (9) Relevancy in various particular crimes. It is recognized that in many instances the line of demarcation is not clear, but the discretion vested in the trial judge, intelligently and considerately exercised, will enable the prosecution fully to present the charge, on the one hand, and, on the other hand, to protect the accused and secure to him the rights guaranteed to him by the Constitution and the laws."

The statement with regard to killing a cop, etc., could reasonably reflect a desire to escape and thus shed light on the motive for taking the Mustang automobile and no error appears in this ruling of the court.

■ We further think that the statement that the baby would be killed if anyone moved was part of the res gestae. It was a threat tending to show motive or intent and not a confession of another crime. No error appears in the action of the court in this regard. In addition to the cases cited above

Davis v. State, 213 Ala. 541, 105 So. 677; Jordan v. State, 225 Ala. 350, 142 So. 665; and Miller et al. v. State, 130 Ala. 1, 30 So. 379, are further authorities bearing on this question. We have found no case in point factually with the case at bar and have been cited to none.

Evidence with regard to the appearance of the appellant on the night of the crime is part of the res gestae. There was no error in allowing the witnesses to give their opinion as to the defendant being the person who was at the Adams' home on the night in question.

We have carefully studied the record and find no error therein. The judgment in this cause is therefore affirmed.

The foregoing opinion was prepared by W. J. Haralson, Supernumerary Circuit Judge, and adopted by this Court as its opinion.

Affirmed.

PRICE, P. J., and CATES, ALMON and TYSON, JJ., concur.