323 So.2d 344

**ALABAMA POWER COMPANY, a corporation, and Norbert Wayne Swann**

v.

**Willie T. CLECKLER.**

**SC 1113.**

Supreme Court of Alabama.

Dec. 4, 1975.

Walter C. Hayden, Jr., Clanton, for appellee.

C. William Gladden, Jr., Birmingham, for appellant.

MADDOX, Justice.

The only issue presented on this appeal involves the irregularity of a jury verdict.

When the jury foreman announced the verdict to the court, in this negligence action, he stated it as "$45,000." On the verdict form, however, the amount was shown as "$4,500."

The jury concluded its deliberations at 9:50 a. m., when the foreman read the verdict as $45,000. The jury was requested to remain in the courtroom so they could be qualified in another case. One member was excused for the remainder of the day. The trial judge discovered, within twenty minutes, the inconsistency between the verdict as read by the foreman and the verdict as written. He reassembled the jury, including the one member who had gone home, and explained the inconsistency and asked the jury to return to the jury room,

and "correct your verdict." The jury stayed in the jury room approximately three minutes and returned the following verdict:

*We the Jury find for the Plaintiff and assess his damage at $~~4,500~~ $45,000⁰⁰.*

*Billy B. Hays.*
*Foreman*

---

As is apparent, the foreman wrote "void" over the "$4,500" sum and initialed it, and entered "$45,000" and initialed that.

The trial judge entered a judgment upon the jury verdict for $45,000.

The Power Company argues:

1. There was a discharge of the jury prior to the activity in court leading to the entry of judgment.

2. The judgment(s) of the court were based upon the second deliberation of the jury.

3. There was no acceptance by the court of the oral declaration of the jury as a verdict.

4. The court had no further authority to reassemble the jury and allow its redeliberation upon having noted the disparity between the announcement and the written verdict.

5. The court did not attempt to correct or amend the original verdict of the jury, but apparently rejected the first finding and announcement by the jury entirely and ordered a redeliberation of the case by the jury.

This case is one of first impression, on the exact point involved.

We could discuss at length, whether the oral verdict was true, whether the jury was discharged and therefore could not be reassembled, and other points regarding jury verdicts, but we consider it unnecessary to do so. It is obvious from what transpired in this case that the $4,500 sum entered on the written verdict was a clerical error. Rule 60(a), ARCP, provides:

"Clerical Mistakes. Clerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency

of an appeal or thereafter, such mistakes may be so corrected by the trial court. Whenever necessary a transcript of the record as corrected may be certified to the appellate court in response to a writ of certiorari or like writ."

■ The verdict can be either written or oral. *St. Clair v. Caldwell & Riddle*, 72 Ala. 527 (1882). It can be general or special. Rule 49, ARCP.

■ It is abundantly clear that the general verdict of the jury in this case was in favor of the plaintiff and for the sum of $45,000. Consequently, the lower court did not err. *cf. Alexiou v. Christu*, 285 Ala. 346, 232 So.2d 595 (1970).

Affirmed.

HEFLIN, C. J., and MERRILL, JONES and SHORES, JJ., concur.