The Grand Jury of Etowah County returned an indictment against the appellant, Robert Frank Simas, charging him with the offense of theft of property in the first degree, a Class B Felony. The appellant entered a plea of not guilty. A jury found the appellant guilty as charged in the indictment. The trial court entered a judgment sentencing the appellant to the penitentiary of the State of Alabama for a term of ten years. The appellant's application for probation was denied. The appellant gave notice of appeal to this Court.
The appellant was represented at all proceedings in the trial court, and in this Court, by the same counsel appointed by the trial court. This appeal was submitted to this Court on briefs.
The appellant states in his brief three reasons why his conviction should be reversed: first, the trial court erred to the prejudice of the appellant by allowing into evidence, over his objection, three automobile tags found in defendant's possession, where defendant was not indicted for possession of stolen tags, and such error was not cured by the trial judge reversing his prior ruling and excluding the three tags from evidence; second, by allowing a stolen Florida license plate which the appellant *Page 141 
possessed to be admitted into evidence by the state, when the appellant was not indicted for stealing said Florida license plate; third, that the state's evidence was not sufficient to sustain a conviction.
State's evidence tended to prove that on January 3, 1981 James C. Hood was the owner of one 1979 model Datsun automobile No. A.S. 1301630019, tag no. FXN269, purchased by him on December 23, of the value of $9,500.00, and one gray suitcase and its contents, of the value of $475.00, $120.00 in cash money; that his office was located at 701 First Avenue in the City of Gadsden, Etowah County, Alabama; that at about 12:30 p.m. he parked his 1979 Datsun automobile beside his office and went in the building and worked until about 3:45 p.m., at which time he went to get his automobile and found it was missing; that when he parked his Datsun automobile he left in it a gray suitcase containing clothes, a black wallet containing credit cards, $120.00 in cash in the console between the two front seats, and a pair of shoes on the back seat; that the car was not locked when he left it; that he left the keys to the car under the front seat; that he did not give anybody permission to remove his car from its location; that the car was later returned to him; that state's exhibit two is a pair of brown Freeman shoes which belong to Mr. Hood and were on the back seat in his automobile when he last saw them when he parked his automobile at 701 First Avenue.
State's evidence further tended to prove that at about 3:00 a.m. on January 12, 1981 Matthew M. Hunt, a police officer employed by the City of Lancaster, in the State of Texas, observed on a parking lot of Skelly's Truck Plaza at 1100 North Beckley in the City of Lancaster, Texas, a Datsun, two-door vehicle that it was parked by several eighteen-wheeler trucks in such a manner that you could not see it until you got almost directly on it; that the Datsun vehicle had a Florida license plate no. NXT928 displayed on the back; that due to the place and manner the vehicle was parked Hunt had a vehicle registration check run on the license plate and determined that the license plate was stolen from Pensacola, Florida in Escambia County; that the appellant was alone in the vehicle, and appeared to be asleep, and his body was covered by a blanket, that Officer Hunt knocked on the door of the vehicle with his flashlight, and the appellant awoke, moved the blanket from over his body, and attempted to start the motor; that Officer Hunt identified himself as a police officer, and was wearing a police uniform, and ordered the appellant to stop, but he continued to try to start the motor of the vehicle; that Hunt opened the door of the vehicle, pointed his weapon at the appellant, and the appellant continued to try to start the motor of the vehicle, at which time Officer Hunt pulled the appellant out of the vehicle; Officer Hunt made an in-court identification of the appellant as being the same person he found in possession of the vehicle in Texas on January 12, 1981; that the appellant first told Officer Hunt that appellant's name was James Hood, and stated he did not have any identification, or registrations of the vehicle, and that the appellant later stated to Officer Hunt that appellant had borrowed the vehicle from James Hood in Pensacola, Florida; Officer Hunt then secured the information that the vehicle was stolen January 3, 1981, from Gadsden, Alabama; the appellant was then arrested, handcuffed, and sent to jail; that state's exhibit number 1 was a manila envelope containing four automobile vehicle license plates, one marked Florida NXT928 was on the rear of the vehicle, when Officer Hunt first saw the vehicle, and was a stolen, Florida license plate; the other three were Alabama automobile vehicle plates and were located in the luggage of the appellant in the rear seat of the vehicle in question. State's exhibit 1 was introduced into evidence over the objection of the appellant.
The record shows that there was a discussion outside of the hearing of the jury between the trial judge and counsel for state and appellant, that the three Alabama tags were removed from state's exhibit 1, and withdrawn from the evidence, and only the Florida tag remained in evidence. Whereupon, the court instructed the jury: *Page 142 
 "THE COURT: Ladies and gentlemen, you will disregard the evidence introduced about the three tags, leaving the one tag that was taken off the car, which was the Florida tag. But, you will disregard any evidence concerning the other three."
The state rested its case, and the appellant moved to exclude state's evidence because the state failed to make out a prima facie case, and the trial court overruled said motion.
The appellant testified in his own behalf, and his evidence tended to prove the following: That he was in Gadsden, Alabama on January 3, 1981; that he was found in the car in Lancaster, Texas on January 12, 1981, but did not steal the car; that he met a friend, Howard Johnson, in Gadsden on the night of January 3, 1981; that Johnson claimed to be the owner of the automobile in question; that he left the bar in Gadsden on the night of January 3, 1981, with Johnson in the Datsun, and the next day they drove to Pensacola, Florida where Mr. Johnson lived, and Mr. Johnson picked up some personal belongings; that they next traveled together to New Orleans, Louisiana where, on January 7, 1981, Mr. Johnson left for a job in Australia; that Mr. Johnson gave the appellant his car to keep for him during the eighteen months when Mr. Johnson would be in Australia, and gave the appellant the clothing, and the luggage in the car; that Johnson gave the appellant a slip of paper signed by Johnson which gave the appellant permission to use the car in Mr. Johnson's absence; that the appellant placed the slip of paper in his billfold and did not remove it until he was in the Etowah County Jail in Gadsden; that the appellant drove from New Orleans to Texas and was arrested in Lancaster, Texas on January 12, 1981. The appellant rested his case, and the state called Mr. Jimmy Flannagan, the Gadsden, Alabama police officer who accompanied the appellant on the trip from Lancaster, Texas back to the Etowah County Jail in Gadsden. Mr. Flannagan testified in substance that he went through all the contents of the appellant's wallet during the trip back and did not see the permission slip in the wallet. The slip was introduced into evidence as appellant's exhibit 1.
The appellant requested the affirmative charge, and it was refused by the trial judge.
The first issue complained of by the appellant in his brief is that the trial court erred to his prejudice by allowing into evidence three Alabama automobile license plates contained in the envelope containing state's exhibit 1. Without deciding that the trial court erred by such action, we are of the opinion, and so hold, that if any error was committed, it was fully cured by the trial court's withdrawing the three Alabama tags from the evidence, and instructing the jury to disregard the three Alabama tags. We quote from the case of The State ofAlabama v. Givens, 5 Ala. 747 at page 755: "The withdrawal of improper testimony, is not to be regarded as the privilege of the party merely; it is not only the right but the duty of the court, upon becoming convinced, pending the trial, that it has sanctioned the admission of illegal evidence, so to inform the jury, and direct them to discard it." State v. Givens, supra;Martin v. State, Ala.Cr.App., 343 So.2d 810; Certiorari Denied,Ex Parte Ellie Fleming Martin, III, Ala., 343 So.2d 815;Huckabaa v. State, 19 Ala. App. 11, 95 So. 587; Tinker v. State, Ala.Cr.App., 389 So.2d 597.
The second issue contained in the appellant's brief is that the trial court erred to his prejudice when it admitted into evidence a stolen Florida license plate which the appellant possessed at the time of his arrest in Lancaster, Texas. The Florida license plate was on the stolen automobile in the possession of the appellant and was No. NXT928. When the vehicle was last seen parked by the office of its owner, Mr. Hood, in Gadsden, Alabama, it had on Alabama license tag no.FXN269. The ground assigned by appellant for his objection was that the appellant was not on trial for stealing a Florida state license plate. The possession of, and display of, the stolen Florida automobile license plate on the rear *Page 143 
of the 1979 Datsun Automobile could reasonably prove a desire to escape with, and to conceal the true owner and identity of the Datsun automobile. Evidence of other larcenies of the defendant are admissible if such evidence is material, and tends to prove the now charged larceny. We hold that the trial court did not err to the prejudice of the appellant when it allowed the stolen Florida plate into evidence. McElroy'sAlabama Evidence, Third Edition, 70.01; McGuire v. State, Ala.Cr.App., 401 So.2d 1126, Certiorari Denied, Ala., 348 147;Lowe v. The State, 134 Ala. 154, 32 So. 273; Summers v. State, Ala.Cr.App., 348 So.2d 1126, Certiorari Denied, Ala.348 So.2d 1136; Harmon v. State, 47 Ala. App. 576, 258 So.2d 917.
The third issue contained in the appellant's brief was that the state's evidence was not sufficient to sustain a conviction for theft of property in the first degree. The evidence presented by the state in this case tended to prove the owner of the Datsun Automobile was in possession of the automobile and its contents on January 3, 1981 in the City of Gadsden, Etowah County, Alabama, at 12:30 p.m., when he parked the automobile by his office; that the value of the automobile was $9,500.00; that the contents of the automobile were of the value of $595.00; that at about 3:45 p.m. when he went to where he had parked the vehicle it was gone; that he gave no one permission to move the vehicle. State's evidence tended to prove that the appellant was in possession of the vehicle and its contents in the City of Lancaster, Texas on the 12th day of January, 1981, with a stolen Florida tag displayed on the rear of it. That appellant made conflicting statements about his identity and the ownership of the vehicle when he was arrested in Lancaster. The appellant's evidence tended to prove that a friend of the appellant was leaving the United States to go to Australia and gave the appellant the car to keep for him and the right to use it during the eighteen months he would be in Australia, and also gave the appellant the clothing and baggage in the car. The appellant admitted that when he was arrested in Lancaster, Texas, he was in possession of the Datsun automobile and was wearing a pair of shoes that were identified as the property of the owner of the stolen vehicle. Larceny is the felonious taking and carrying away of the personal property of another with the intent on the part of the taker to convert it to his own use or to deprive the owner thereof. McMurphy v.State, Ala.Cr.App., 358 So.2d 1065. We hold that the trial court did not err when it submitted the facts to the jury for its determination. Possession of recently stolen property is a fact from which a jury may infer the defendant's guilt. The issue of appellant's guilt or innocence was for the jury. Smithv. State, Ala.Cr.App., 401 So.2d 185, Certiorari Denied, Ala.,401 So.2d 187; Gunaca v. State, Ala.Cr.App., 383 So.2d 590;Harper v. State, Ala.Cr.App., 389 So.2d 184; Wilkins v. State, Ala.Cr.App., 373 So.2d 353; Bullock v. State, Ala.Cr.App.,400 So.2d 937.
We have searched the record and are of the opinion that reversible error does not appear. The judgment of the trial court is due to be and is hereby affirmed.
The foregoing opinion was prepared by Honorable JOSEPH J. MULLINS a retired Circuit Judge, serving as a Judge of this Court; his opinion is hereby adopted as that of the Court.
The judgment below is hereby affirmed.
AFFIRMED.
All the Judges concur.