In his pro se brief and argument, appellant Joseph Raymond Harmon attacks by petition for writ of error coram nobis his previous convictions. Harmon's legal proceedings have an interesting history, which is succinctly stated in the statement of the case in appellee's brief, and which we now quote:
 "The appellant, Joseph Raymond Harmon, was originally convicted for burglary and robbery in Shelby County and received separate sentences for each conviction. On December 15, 1970, Appellant's robbery conviction was reversed by the Alabama Court of Criminal Appeals because of a fatal defect in the indictment. Harmon v. State, [47 Ala. App. 1], 249 So.2d 369 (Ala.Cr.App. 1970). Appellant subsequently entered a plea of guilty to a new indictment. On June 13, 1972, Harmon's burglary conviction was also reversed. Harmon v. State, [48 Ala. App. 521], 266 So.2d 325 (Ala.Cr.App. 1972). The reason for this reversal was the trial court's erroneous ruling on Appellant's plea of former jeopardy which the Court of Criminal Appeals determined should have been submitted to the jury. Appellant subsequently entered a plea of guilty to the burglary charge also. Harmon was also found guilty by a jury of grand larceny in Shelby County and this conviction was affirmed on March 7, 1972. Harmon v. State, [47 Ala. App. 576], 258 So.2d 917 (Ala.Cr.App. 1972).
 "Appellant first raised the grounds of double jeopardy on the appeal of his burglary conviction, which was ultimately reversed. The Appellant then pleaded guilty to a new indictment. A Petition for Writ of Habeas Corpus also raised this same allegation and its denial was affirmed with no opinion by the Court of Criminal Appeals on October 4, 1983. Harmon v. State, [443 So.2d 67, (Ala.Cr.App. 1983)].
 "The current Petition for Writ of Error Coram Nobis was filed on May 3, 1984, alleging that Appellant was wrongfully sentenced to three consecutive sentences. Upon Motion of the District Attorney filed May 7, 1984 the Shelby County Circuit Court dismissed Appellant's Petition. Notice of Appeal was filed on June 6, 1984 by Harmon."
In the grand larceny affirmance in Harmon, 47 Ala. App. 576,258 So.2d 917, the court set out the fact that the series of *Page 776 
crimes committed by Harmon occurred on the same night, but that each crime had a different victim and that each crime, therefore, was a separate offense. All of this was known to Harmon at the time of his trials, appeals, and eventual guilty pleas or sentencings. Each of his cases was appealed, and the issues in each were considered by this court.
The appellant makes several allegations of fact. He contends that he was coerced into pleading guilty by a promise that if he did not seek post-conviction relief he would be sentenced to consecutive sentences. He also contends that he was made a promise in connection with his plea-bargain agreement that if he did not seek post-conviction relief he would be paroled in 10 years. As part of his petition, he alleges as follows:
 "Further, petitioner would show that he did not waive his right to seek post-conviction relief from an illegal sentence imposed after his guilty plea, because the errors had not yet occurred when said guilty pleas were entered. See Albright v. State, 50 Ala. App. 480, 280 So.2d 186, (Crim.App.), cert. denied, 291 Ala. 771, 280 So.2d 191 (1973); overruled on other grounds in Ex Parte Sankey, 364 So.2d 362
(Ala. 1978); Hedrick [Headrick] v. State, 46 Ala. App. 202, 239 So.2d 572 (1970). Nor did petitioner plead guilty to the grand larceny conviction. Petitioner, a pro se litigant has not challenged the trial court's errors previously because part of his plea-bargain agreement was that he not file any `writs', however, in said agreement petitioner was assured that he would be paroled in ten years. Petitioner has since been told the same thing in writing. Yet his parole has been denied anyway through protests lodged in an unethical manner. Further, petitioner did not intelligently wave [sic] his rights when he pleaded guilty to the burglary first case, as the `bench notes' to same indicate that his rights were not read to him, and petitioner was a 16-year-old juvenile at the time of the crime."
The state, in its motion to dismiss, contends that the petitioner by his own statement affirmatively shows that he waived his right to seek post-conviction relief from his convictions.
Our Supreme Court has directed that in considering post conviction remedies, the statements of fact in the petition must be assumed to be true unless they are contradicted by statements of fact by the state. Ex parte Crear, 460 So.2d 1208
(Ala. 1983). Again, in Ex parte Floyd, 457 So.2d 961 (Ala. 1984), the court said, "Accordingly, the unrefuted facts set out by the petitioner must be taken as true. Vaughan v. State,415 So.2d 1231 (Ala.Crim.App. 1982); Washington v. State,405 So.2d 62 (Ala.Crim.App. 1981)." This being the case, we are ourselves bound to treat these claims as if they were factually correct, regardless of whether they are believable or not. Under these circumstances, a factual hearing is necessary in this case.
Consequently, the judgment is reversed and the cause remanded to the circuit court with directions to conduct a hearing.
REMANDED WITH INSTRUCTIONS.
All the Judges concur.
 ON RETURN TO REMAND