## SHARP v. STATE. (7 Div. 158.)

(Court of Appeals of Alabama. Feb. 9, 1926.)

**1. Criminal law ⚖️1044, 1048, 1063(1)—Court of Appeals without jurisdiction to reverse conviction, where rulings not excepted to, affirmative charge not requested, nor motion for new trial made (Code 1923, § 3258).**

Court of Appeals was without jurisdiction, under Code 1923, § 3258, to reverse conviction for possession of prohibited liquors, where record was regular in all things, and rulings of trial court were not excepted to, and affirmative charge had not been requested, nor a motion for new trial made.

**2. Criminal law ⚖️1028.**

Jurisdiction of Court of Appeals on appeal is appellate only, and its review is limited to those matters upon which action or ruling at nisi prius was invoked.

Appeal from Circuit Court, Etowah County; O. A. Steele, Judge.

Lon Sharp was convicted of possessing prohibited liquors, and he appeals. Affirmed.

L. B. Rainey, of Gadsden, for appellant.

The verdict is contrary to the evidence. Barker v. State, 103 So. 914, 20 Ala. App. 564; Fillmore v. State, 92 So. 94, 18 Ala. App. 334; Ammons v. State, 101 So. 511, 20 Ala. App. 283; Watkins v. State, 101 So. 334, 20 Ala. App. 246.

Harwell G. Davis, Atty. Gen., and Chas. H. Brown, Asst. Atty. Gen., for the State.

There was no objection to testimony, and no request for charges. There is no error, and the judgment should be affirmed.

BRICKEN, P. J. This prosecution against this appellant originated in the county court of Etowah county; the charge being a violation of the prohibition laws of the state by having whisky in his possession. From a judgment of conviction in the county court, the defendant appealed to the circuit court, was again convicted, and appeals here.

In brief of counsel for appellant it is contended "that the verdict rendered by the jury is contrary to the evidence in the case." In support of that contention we are cited several authorities, decisions formerly rendered by this court.

[1, 2] The insistence urged is not presented for our consideration, nor is any other question before us on this appeal, except the regularity of the proceedings disclosed by the record proper. The statute makes it the duty of this court to consider all questions apparent on the record or reserved by bill of exceptions. Section 3258, Code 1923. The record has been examined, and is regular in all things. There was not a single exception re-

served to the rulings of the court pending the entire trial. The affirmative charge was not requested, nor was there a motion for a new trial. No adverse ruling of the court appears; we therefore have nothing before us to decide. The jurisdiction of this court in all cases appealed here is appellate only, and review by this court is limited to those matters upon which action or ruling at nisi prius was invoked. Woodson v. State, 54 So. 191, 170 Ala. 87. There being no question presented for our consideration, the judgment of conviction from which this appeal was taken is affirmed.

Affirmed.