(121 So. 446)

MIMS v. STATE. (5 Div. 721.)

Court of Appeals of Alabama. March 26, 1929.

J. B. Atkinson, of Clanton, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

BRICKEN, P. J. ▮ The conflicting evidence in this case presented a jury question. The sufficiency of the evidence to support the conviction is not raised, as the affirmative charge was not requested, nor was there a motion for a new trial.

The state's evidence tended to show by its several witnesses that this appellant was at a still, which was in full operation with whisky running therefrom, and that he was assisting in its operation, and ran from the still at the approach of the officers. Without conflict it was shown that the still in question was located about one-half mile from defendant's home, and was situated upon land owned by him.

The defendant set up an alibi, and insisted that he was not at the still as testified to by the state's witnesses, but was hunting with other parties some two miles distant from where the still was located at the time the raid upon the still was made.

Several rulings of the court upon the admission of evidence, to which exception was reserved, are relied upon to effect a reversal of the judgment of conviction appealed from.

▮ The first exception noted is upon the cross-examination of state witness Easterling. The defendant propounded the question: "What did Mr. Collins say to the negro or to you when you got to the still?" The state's objection thereto was sustained. There was no error in this ruling. In the first place the question assumes that "Mr. Collins said something to the witness or to the negro when witness got to the still"; furthermore, the relevancy of such statement, if made, was not made apparent. Moreover, "Mr. Collins" was next examined by the state and cross-examined by defendant, and no attempt, by predicate or otherwise, was made to show what, if anything, he said to Easterling or to the negro, as inquired by defendant.

▮ The court properly sustained the state's objection to question propounded by defendant to his witness, Dallas Little, to wit: "Did Mrs. Mims tell you anything with reference to Sheriff Collins being there that day?" The question called for immaterial and irrelevant evidence, which could in no manner shed any light upon the issues involved upon the trial of this case.

▮ As independent evidence it was wholly immaterial as to whether "Mr. Collins, the Sheriff, had been down to see defendant's witness Luther Martin and to talk with him about this case." The state's objection was properly sustained to the question. The materiality of the matter inquired about was not apparent. This exception is without merit.

▮ The answer of witness Walter Traywick to the solicitor's question—"Did you look at your watch?" "I heard the whistle blowing for eleven o'clock," was not responsive to the question propounded, and there was no error on the part of the court in sustaining the solicitor's motion to exclude said answer upon that ground.

▮ Brack Pearson, state witness, testified that he was caught at the still in question at the time of the "raid," and it was proper for the state to inquire, "Who went there with you?" This exception is without merit.

Every exception reserved pending the trial has been hereinabove discussed. There was no error in any ruling of the court upon this trial. The record proper is regular and without error. The judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.