248 So.2d 583

**Amos ROBINSON**

v.

**STATE.**

**6 Div. 164.**

Court of Criminal Appeals of Alabama.

May 18, 1971.

Kenneth D. Wallis, Birmingham, for appellant.

MacDonald Gallion, Atty. Gen., and Charles H. Barnes, Asst. Atty. Gen., for the State.

PER CURIAM.

The appellant appealed from a conviction by the Jefferson County Circuit Court of robbery with sentence fixed at twelve years in the penitentiary.

The sufficiency of the evidence is not presented for the consideration of this court since there was no motion to exclude, the affirmative charge was not requested, and no motion was made for a new trial. Mims v. State, 23 Ala.App. 94, 121 So. 446; Sharp v. State, 21 Ala.App. 262, 107 So. 228. However in our study of the record there appears ample evidence to support the verdict of guilty.

No exception to any ruling of the trial court on testimony appears in the record, nor is any ruling on objection to argument to the jury properly reserved. On appeal our review is limited to matters properly raised in the trial court. *Sharp,* supra.

However, in brief the appellant argues that there was error on two propositions: first, that his rights to speedy trial under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution were violated; and, second, that the court was in error in excusing a juror who had been challenged for cause by the State because he was opposed to capital punishment.

In order to preserve the right to a speedy trial, it must be affirmatively shown by a defendant that demand for trial was made, an objection to postponement was made, or some other effort was made to secure a trial. Elliott v. State, 283 Ala. 67, 214 So.2d 420; Etheridge v. State, 44 Ala.App. 323, 208 So.2d 232.

The record shows that the indictment was returned on July 12, 1968, and served on appellant on July 31, 1968, and that bond was not allowed. The minute entry shows that an attorney, Ken Wallis, was appointed by the court to represent appellant; that arraignment was on October 31, 1969, at which time the plea of not guilty was entered; and that the case was set for trial on November 17, 1969, passed to April 13, 1970, and tried on April 14, 1970. Nothing further with reference to bail appears in the record. There is some reference in the testimony of prosecuting witness Williamson that he saw appellant in the courtroom, at the docket call, handcuffed to another prisoner. So from the scant light thrown upon the question from the record it would appear that the appellant was in custody from the time of his arrest until the date of trial.

However, appellant did not testify and there is no evidence of any demand or effort of any kind by him to speed up the time of the trial, nor is there any objection to a postponement. Under the rule set out in the authorities which we have cited, the right of this court to consider this matter is foreclosed.

As to the second proposition in appellant's brief see Bumper v. State of North

Carolina, 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797.

Since we find no reversible error in the record, the judgment in this cause is due to be affirmed.

The foregoing opinion was prepared by W. J. Haralson, Supernumerary Circuit Judge, and adopted by this court as its opinion.

Affirmed.