279 So.2d 549

**Carson KELSOE**

**v.**

**STATE.**

**3 Div. 194.**

Court of Criminal Appeals of Alabama.

April 17, 1973.

Rehearing Denied May 15, 1973.

William J. Baxley, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

TYSON, Judge.

The Grand Jury of Butler County, Alabama, charged the appellant with rape. The Jury's verdict found him "guilty of assault with intent to ravish," and judgment fixed punishment at five years imprisonment in the penitentiary. Appellant's motion for new trial was denied.

The prosecutrix testified that on August 4, 1971, the date of the alleged rape, she was thirteen years of age. She stated that on that day appellant had called her on the phone and asked if she wanted to go riding around. She replied that she did, and agreed to meet appellant on a gravel road below his house. Upon meeting the appellant, the two drove to Hawkins Creek in Butler County. When they arrived at the creek, appellant took a blanket out of the car for them to sit on. He then offered the prosecutrix a coke, and while she was drinking it he went back to the car and returned with a bottle of liquor, which he offered to her. She agreed to drink the liquor, and started to get dizzy, finally passing out. Prosecutrix testified that when she awoke she didn't have any clothes on, and appellant was attempting to have sexual in-

Jerry L. Cruse, Montgomery, for appellant.

tercourse with her. She further testified that she hit him and told him to stop, but that he persisted, and finally she passed out again. She stated that she used all the force she had to stop him, but that he did have intercourse with her. When she woke up she had her clothes on, and she and appellant went back to the car. When she got into the car, she passed out again, and didn't remember anything else until she awoke the next morning in her father's car, parked outside her home.

On cross-examination, the prosecutrix stated she did not remove her clothing, and that she had consumed "about half a bottle" of coke and whiskey before passing out. She did not know how long she was unconscious.

The father of the prosecutrix testified that when he found her in his car the next morning, he took her directly to the family's doctor. After leaving the doctor's office, he went with his wife and daughter to Hawkins Creek, where he found a whiskey bottle and two coke bottles. He further testified that he had contacted the police about his daughter around nine o'clock the night before.

Dr. T. E. Carter testified that he had examined the prosecutrix on the morning she was brought in by her father. He found a "little bruised spot on her right neck, two or three on her left neck, several small minimal bruises on each iliac crest, and her leg." He stated that "She either had entry or attempted enough to ejaculate the sperm into her vaginal vault."

I

■ The sufficiency of the evidence is before us because of the denial of appellant's motion to exclude the State's evidence, and motion for new trial. Mims v. State, 23 Ala.App. 94, 121 So. 446; Sharp v. State, 21 Ala.App. 262, 107 So. 228.

■ Where the evidence presented raises questions of fact for the jury, and such evidence, if believed, is sufficient to

sustain a conviction, the denial of a motion to exclude the State's evidence and the overruling of a motion for new trial, does not constitute error. Young v. State, 283 Ala. 676, 220 So.2d 843. We believe that the facts, as herein set forth, were sufficient to present a question for the jury. Hutto v. State, 169 Ala. 19, 53 So. 809.

II

Appellant in brief argues that the jury was not warranted in finding the appellant guilty of a lesser offense other than the one charged in the indictment.

The appellant was charged with rape in the indictment. The jury returned a verdict of "guilty of assault with intent to ravish."

Title 15, Section 323, Code of Alabama 1940, states:

"When the indictment charges an offense of which there are different degrees, the jury may find the defendant not guilty of the degree charged, and guilty of any degree inferior thereto, or of an attempt to commit the offense charged; and the defendant may also be found guilty of any offense which is necessarily included in that with which he is charged, whether it be a felony, or a misdemeanor."

Further, Title 14, Section 42, Code, supra, states:

"Upon the trial of an indictment for any offense, the jury may find the accused not guilty of the offense charged in the indictment, but, if the evidence warrants it, guilty of an attempt to commit such offense, without any special count in the indictment for such attempt."

■ The offense of assault with intent to rape includes all of the elements of rape except the consummation of the sexual act. These elements are, an intent to have intercourse with a woman by force or fear, and against her consent. Smith v. State, 34 Ala.App. 45, 38 So.2d 341; Gilbert v.

State, 28 Ala.App. 206, 180 So. 306; Morris v. State, 32 Ala.App. 278, 25 So.2d 54, and authorities cited therein.

Appellant argues that the evidence clearly shows the consummated act of intercourse; hence, the jury was unwarranted in finding appellant guilty of the lesser included offense.

On cross-examination, Dr. Carter testified as follows:

"Q Are you saying it could not have been deposited there by anything other than a penis, is that your testimony?

"A No I wouldn't say that.

"Q It could have been put there by some other method then?

"A Could be.

"Q. And so, your findings do not necessarily indicate that she had had sexual intercourse with a male?

"A From all indications there had been intercourse. I guess you could manipulate around and put the same findings there by a different method.

"Q. It's not conclusive that they had intercourse?

"A It's not conclusive that she had intercourse, but an entry with an ejaculation of sperm in her vaginal vault."

He further testified that the hymen was still intact, though it was bruised and had been stretched, and that ordinarily it is ruptured the first time a female has intercourse.

In our opinion, under the evidence presented, the jury was warranted in finding in this case the appellant guilty of the lesser offense. Cases cited, supra.

### III

At the conclusion of the trial court's extensive oral charge, the appellant announced "satisfied." The court then gave ten written charges as requested and refused thirteen other written requested charges. We have carefully examined each of them, and believe these charges were correctly refused. Title 7, Section 273, Code of Alabama 1940.

After a careful search of the record, as required by Title 15, Section 389, Code of Alabama 1940, and having found no error, the judgment is due to be and the same is hereby

Affirmed.

All the Judges concur.