311 So.2d 450

**Kenneth F. ROTTON**

**v.**

**STATE.**

**8 Div. 591.**

Court of Criminal Appeals of Alabama.

Feb. 18, 1975.

Rehearing Denied March 18, 1975.

———◆———

Ralph E. Slate, Decatur, for appellant.

Claud M. Burns, Jr., Sp. Asst. Atty. Gen., Tuscaloosa, for the State.

W. J. HARALSON, Supernumerary Circuit Judge.

This appeal is from a conviction in the circuit court of murder in the first degree with punishment fixed at life imprisonment in the penitentiary.

■ Appellant plead not guilty and not guilty by reason of insanity. The sufficiency of the evidence presented by the State is not before us for review since no motion to exclude the evidence was made by appellant, the affirmative charge was not requested in writing, and there was no motion for a new trial. Eady v. State, 48 Ala.App. 726, 267 So.2d 516; Grant v. State, 46 Ala.App. 232, 239 So.2d 903; Robinson v. State, 46 Ala.App. 684, 248 So.2d 583.

However, in view of the gravity of the issues in this case and the punishment fixed by the jury it may be well to observe that after a careful study of this record the court is of the opinion that the verdict of the jury was amply supported by the evidence.

■ Appellant in brief first argues that the court committed reversible error in sustaining the State's objection to the question asked on cross-examination, found on page 52 of the transcript as follows:

"Q Don was running over him, wasn't he?

MR. KNIGHT: We object.

THE COURT: Sustain that.

A Yes, sir."

The question clearly calls for an opinion or conclusion from the witness and was patently illegal.

■ It can be stated as a general rule that witnesses are to state facts and not inferences or opinions. This court has held in numerous cases that questions which in themselves are arguments or call for conclusions should not be allowed. Many cases are collected and cited on this proposition in Alabama Digest, Criminal Law, Volume 6, ☞488(1). Among those bearing on this question are Smith v. State, 21 Ala.App. 460, 461, 109 So. 294 and Hubbard v. State, 23 Ala.App. 537, 128 So. 587.

We are speaking, of course, of non-expert rather than expert witnesses and the exceptions to the general governing rule of expert testimony. In addition the record shows in substance the circumstances and the happenings occurring when the appellant was at the home of Ed McDonald where there was some trouble with regard to the appellant obtaining a motor bike which he had worked on and left at the McDonald home some time beforehand.

Appellant next argues that the court was in error in its statement appearing on page 88 of the transcript as follows:

"Q All right, relate to the ladies and gentlemen of the jury what happened or what, if anything, did you see the defend-

ant do or say after your arrival at the scene there?

A After our arrival Investigator Anderson and the Sheriff and I —

MR. SLATE: Your Honor, this would be some thirty-five minutes, apparently, after the testimony was they found the man shot. *Is this still part of the res gestae?*

MR. MOEBES: He hadn't been apprehended yet, Your Honor. It would have to be—

THE COURT: *Well, it might be that and it might be that it was—Also might be evidence on the conduct of the defendant which might reflect upon guilt or innocence, you see, before apprehension.*

■ As we read this record, the statement of the court was not prejudicial to the substantial rights of appellant, but, in fact, was made in answer to a question by appellant's attorney having to do with whether the matter testified to was part of the res gestae. It further appears that there was no objection made to the statement of the court and no further ruling invoked. Under the circumstances the matter is not before us for consideration because of the failure of the appellant to object and obtain a ruling from the trial court. Felton v. State, 47 Ala.App. 182, 252 So.2d 108.

Two objections made to the argument by counsel for the State to the jury were sustained by the court and in our opinion the argument was not so injurious to the rights of appellant as to be ineradicable in the court's ruling.

■ The court overruled objections to the argument of the district attorney that, "this is Morgan County, Alabama and not Berkely, California or some of those other wild places where people climb up on a tower and shoot twelve or fifteen people. This is Morgan County. We object to that."

In its statement to the jury we think the court cured any error that may have occurred when the jury was explicitly instructed by the court that the statement was argument of counsel only and that they were not to be concerned with anything but the law and evidence in the case and that anything that might illustrate or bear out a point in the argument for the State or the appellant is legitimate argument.

We do not consider this argument to be so grossly improper and highly prejudicial as to have been ineradicable under the instructions given by the court. Arant v. State, 232 Ala. 275, 167 So. 540.

■ Further, the action of the trial court in regard to argument arousing adverse sentiment is reviewed with all presumptions in favor of such action. Beaird v. State, 219 Ala. 46, 121 So. 38; Davis v. State, 233 Ala. 202, 172 So. 344.

We cannot say that reversible error appears in this action of the court. Arant v. State, supra.

We have carefully read and considered the entire record in this case as is our duty and we find no error of a reversible nature. The case is due to be and is hereby affirmed.

The foregoing opinion was prepared by Honorable W. J. HARALSON, Supernumerary Circuit Judge, serving as a Judge of this Court under Section 2 of Act No. 288, Acts of Alabama, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

The judgment below is hereby

Affirmed.

All the Judges concur.