318 So.2d 371

Roosevelt **FINCHER**

v.

**STATE.**

**6 Div. 853.**

Court of Criminal Appeals of Alabama.

Aug. 19, 1975.

Louis Mezrano, Birmingham, for appellant.

William J. Baxley, Atty. Gen., and Quintin Q. Brown, Asst. Atty. Gen., for the State.

HARRIS, Judge.

Fincher was indicted and tried for robbery and the jury fixed his punishment at twelve years in the penitentiary. He was adjudged guilty and sentenced in accordance with the verdict of the jury. He was represented at arraignment and trial by a court-appointed lawyer. He pleaded not guilty. At the time he was sentenced he gave notice of appeal, and he asked that his sentence be suspended. He was furnished a free transcript and trial counsel was appointed to represent him on appeal.

The victim of the robbery was Lovell Williams, and he testified that on the morning of December 11, 1973, around 8:30 o'clock he went to a neighborhood grocery store in downtown Birmingham and bought a pound of bacon and a can of Pet milk. While walking back to a rooming house where he lived, he had to pass an alley between 5th and 6th Avenues on 16th Street. Two Negroes came out of the alley running toward him. He started running to the place where he lived and as he got on the porch and got his key out of his pocket to unlock the door, appellant grabbed him with his left hand and told him, "This is a stick up." Appellant had an open knife in his right hand and told Williams he wanted his money. Williams told him he did not have any money. Fincher put his hands in Williams' pocket but did not find any money. Fincher's companion, who also had an open knife, searched Williams' pockets and found two quarters, a nickel and two pennies. He also got Williams' billfold and found a one dollar bill. This man's name was Chris Davis.

Fincher told Davis to give him the money and the billfold. Fincher put the money in his pocket and threw the papers in the billfold on the porch. While Williams was picking up his papers, Fincher started kicking him. He kicked him in the mouth knocking out one of his teeth. Both Fincher and Davis fled the scene. Williams had seen both Fincher and Davis before this date, but he only knew Fincher by the name "Roosevelt."

Williams called the police and reported the robbery. When the officer arrived,

Williams was in the street and "hailed him down." He and the officer learned the men were seen running down 4th Avenue, and they rode around trying to find them but were unsuccessful in locating them that morning.

The robbery occurred at 1611 5th Avenue North in Birmingham, Jefferson County, Alabama.

Mr. Thomas R. King, a patrolman with the Birmingham Police Department, was the officer who got the call about the robbery and he proceeded to the scene and was flagged down by the victim. He was asked to describe the victim's condition and replied:

"He had blood around his lips, and a tooth was missing, I believe to the best of my knowledge, and he was holding his side. His clothes were soiled, and he stated he had just been robbed."

Chris Davis testified in behalf of appellant. He admitted that he was with appellant on the morning of December 11, 1973, and they saw Lovell Williams that morning standing in front of his apartment, that Williams spoke to them in a mumbling voice. They got within four or five feet of Williams, and he smelled strongly of the odor of alcohol. They watched Williams start up the steps to the house where he lived and that he stumbled up the steps and fell. That in his opinion Williams was drunk and probably knocked his tooth out when he fell. He denied that he and Fincher robbed Williams or even touched him.

Prior to Davis' testimony he had been tried for this same robbery and Fincher testified in his behalf and the jury convicted him of assault and battery. The jury assessed a fine against him of $500.00 and the trial judge added six months in the county jail as additional punishment.

Appellant testified and his testimony was substantially the same as Davis'. He, too, denied that they robbed Williams or even touched him on the morning of the 11th of December, 1973. That they did not pull knives on Williams and take anything from him. He further testified that he had known Williams for nine years and they were close friends. He said he got within two to three or four feet of Williams that morning and he smelled alcohol on his breath. He saw him stumble and fall on the steps but that fall did not knock his tooth out. He said that tooth had been out eight or nine years. He further stated that Williams was highly intoxicated that morning.

Officer King was recalled for rebuttal testimony. He testified that he talked to Williams on the morning of the alleged robbery and he did not smell the odor of alcohol on his breath and that he definitely was not intoxicated.

The state recalled appellant to the witness stand for further cross-examination. Appellant stated that he was forty years of age and was convicted of grand larceny on March 11, 1959, and was again convicted of grand larceny on July 19, 1960.

■ The three essential elements of the offense of robbery are: (1) felonious intent, (2) force, or putting in fear as a means of effecting the intent, and (3) by that means of taking and carrying away the property of another from his person or in his presence, all of these elements concurring in point of time. *Hardin v. State,* 28 Ala.App. 524, 189 So. 216; *Cobern v. State,* 273 Ala. 547, 142 So.2d 869; *Floyd v. State,* 52 Ala.App. 291, 291 So.2d 382.

■ Conflicting evidence always presents a question for the jury as to the guilt of the defendant unless the evidence palpably fails to make out a prima facie case. *Morris v. State,* 47 Ala.App. 132, 251 So.2d 629; *Jones v. State,* Ala.App., 307 So.2d 59.

■ There was no motion to exclude the state's evidence; there was no motion for a new trial; there was no request for the affirmative charge; there were no ex-

ceptions reserved to the oral charge to the jury, and there were no adverse rulings on the admission of evidence which contain any merit. In this state of the record nothing is presented to this court for review. *Eady v. State,* 48 Ala.App. 726, 267 So.2d 516; *Grant v. State,* 46 Ala.App. 232, 239 So.2d 903; *Robinson v. State,* 46 Ala.App. 684, 248 So.2d 583.

This case is due to be affirmed, and it is so ordered.

Affirmed.

All the Judges concur, except CATES, P. J., not sitting.