324 So.2d 333

**Hayes Joseph TOOSON**

v.

**STATE.**

**6 Div. 918.**

Court of Criminal Appeals of Alabama.

Nov. 18, 1975.

J. Louis Wilkinson and Charles M. Purvis, Birmingham, for appellant.

William J. Baxley, Atty. Gen., Montgomery, and Quentin Q. Brown, Jr., Birmingham, Asst. Atty. Gen., for the State, appellee.

HARRIS, Judge.

Appellant was convicted of robbery and the jury fixed his punishment at ten years in the penitentiary. The court imposed sentence in accordance with the verdict of the jury. Prior to arraignment, appellant was found to be indigent and counsel was appointed to represent him. He pleaded not guilty. After sentence he gave notice of appeal but elected not to have the sentence suspended pending appeal. He sought and obtained a free transcript and trial counsel was appointed to represent him on this appeal.

The facts in this case are not complicated. On November 22, 1972, at approximately 3:30 p. m., the San Ann Service Station at 2600 24th Street North, Birmingham, Jefferson County, Alabama was

robbed. Mr. Lofton Baker testified that at the time of the robbery, he was operating the station and a Negro man who was about six feet two inches tall and weighed over 200 pounds came in the station and asked for a package of Kool cigarettes; that when he turned to get the cigarettes, the robber showed him and he saw a pistol in his hand. The robber said he wanted all the money and took about $150.00 from his person and ran out of the station. Mr. Baker further testified that he got his pistol and ran outside the station to try to apprehend the man who had just robbed him. He saw him get in a Vega automobile parked in an alley near the station. He stated he observed the man get back out of the Vega and flee down the alley. The police department was called and immediately responded and Mr. Baker gave the officers a description of the robber.

Subsequent testimony revealed that Birmingham Police Sergeant Kenneth R. Holler came to the robbery scene and verified that this Vega automobile was indeed in the alley and also verified that during his investigation of the robbery, Mr. Baker told him that appellant had gotten in and out of this automobile during his escape.

Police Officer Randy Taylor testified that he personally lifted fingerprints off the Vega automobile and that two of the prints, numbered 1625 and 1632, were identifiable.

Police Sergeant W. L. Jones testified that he had personally taken appellant's fingerprints at the Birmingham City Jail.

Sandra Triplett who was employed as a fingerprint expert by the Birmingham Police Department, and whose qualifications were admitted by defense counsel, testified that the two identifiable prints taken from the Vega automobile were the prints of the second and third fingers on the right hand of appellant, Hayes Joe Tooson. She further testified that these were identical with the prints of appellant taken at the Birmingham jail.

Sylvester Crumb testified as to seeing the Vega automobile in the alley and also confirmed that a man resembling appellant had come out the San Ann Service Station and run down the alley.

Mr. Baker stated that on January 7, 1973, Police Detective Richard Watkins had shown him several photographs of different suspects and that he had picked out one of the photographs as definitely being the man who had robbed him. He also made a positive in-court identification of appellant as the person who had robbed him, and it was conceded that the picture Mr. Baker had picked out was a picture of appellant. Mr. Baker further testified that no suggestive statements of any kind were made to him by the police before he picked out appellant's mug shot from seven which were shown to him.

Detective Richard Watkins testified that on January 7, 1973, he showed seven photographs to Mr. Baker and that without hesitation he picked out a photograph which later turned out to be a photograph of appellant.

Appellant did not testify in his behalf, but offered alibi testimony. Shirley Holmes, appellant's sister, testified that on the day of the crime her brother had attended a family reunion and she had been with him most of the day. On cross-examination, however, Shirley Holmes conceded that she could not say for sure that her brother was at the reunion at the time of the robbery.

Charlene Browning testified for the defense in substantially the same manner as Shirley Holmes. On cross-examination she admitted that she did not remember seeing appellant at the family reunion at the time of the robbery. She stated she remembered seeing appellant about 4:30 or 5:00 or possibly as late as 6:00 that night.

Thelma Surels on rebuttal testified that at the time of the robbery she owned the Vega automobile in question and that her daughter had been using this car. She further testified that at the time of the

robbery appellant and her daughter had been going together.

There was no motion to exclude the state's evidence; there was no motion for a new trial; there was no request for the affirmative charge; there were no exceptions to the oral charge to the jury, and there were no adverse rulings on the admission of evidence which contained any merit. In this state of the record nothing is presented to this court to review the sufficiency of the evidence. *Eady v. State*, 48 Ala.App. 726, 267 So.2d 516; *Grant v. State*, 46 Ala.App. 232, 239 So.2d 903; *Robinson v. State*, 46 Ala.App. 684, 248 So.2d 583; *Price v. State*, 53 Ala.App. 465, 301 So.2d 230; *Mosley v. State,* 54 Ala. App. 59, 304 So.2d 613.

■ The only alleged error complained of on this appeal is the argument of the District Attorney inviting the jury to look at appellant and judge his weight. We do not construe this action on the part of the prosecuting attorney to be prejudicial to appellant in any way. There was ample testimony that appellant weighed over 200 pounds and was over six feet tall. The prosecuting attorney was merely drawing an inference from the testimony already in evidence. It took two days to try this case and the jury had the opportunity to observe the appellant, his height, weight and general appearance. We think the argument was within proper limits. *Smith v State*, 197 Ala. 193, 72 So. 316; *Davis v. State*, 213 Ala. 541, 105 So. 677; *Wade v. State*, 24 Ala.App. 176, 132 So. 71; *Brothers v. State*, 236 Ala. 448, 183 So. 433.

■ Alibi testimony like all other conflicting testimony was clearly a jury question. *Price v. State*, 53 Ala.App. 465, 301 So.2d 230; *Prince v. State*, 50 Ala.App. 368, 279 So.2d 539.

■ The trial court appointed Honorable J. Louis Wilkinson and Charles M. Purvis, two of Alabama's most outstanding trial lawyers, to represent appellant. These lawyers protected appellant's constitutional rights at every stage of the proceedings. The fact that the jury fixed the punishment at only ten years imprisonment must be due to the resourcefulness, ingenuity, and power of persuasion of these astute lawyers.

The record is free of error and the judgment of conviction is affirmed.

Affirmed.

All the Judges concur.