HARRIS, Judge.
Appellant was put to trial upon a two-count indictment charging (1) burglary in the second degree, and (2) grand larceny. Prior to arraignment appellant was found to be indigent, and counsel was appointed to represent him. He interposed a plea of not guilty and his case was set for trial at a later date.
When his case was called for trial, he appeared in open court with his attorney and made known to the Court that he desired to withdraw his not guilty plea and to plead guilty to the indictment. The Court conducted an in-depth colloquy under Boy-kin so that appellant would be fully informed of all his constitutional rights and to determine whether his guilty plea was voluntary. Appellant told the Court that he fully understood his constitutional rights and that he realized that he was giving up all of these rights by pleading guilty. It was shown that he was not induced to plead guilty because of any promises, threats, rewards or other inducements. The Court asked him how he pled to the indictment and he replied, “guilty.” Thereupon, the Court asked appellant to tell him what happened and appellant replied that he did not know anything about the burglary and did not know anything about the theft of any guns. In the light of appellant’s denials the Court refused to accept his guilty plea and put appellant to trial. The jury returned a general verdict of guilty as charged in the indictment and the Court sentenced appellant to five years imprisonment in the penitentiary. After sentence was imposed appellant gave notice of appeal. Sentence was suspended pending appeal and appellant was furnished a free transcript and new counsel was appointed to represent him on this appeal.
Mr. Jerry Netherland testified that on June 5, 1976, he was the store manager of Gibson Products, Inc., a corporation, located in the city of Clanton, Chilton County, Alabama and that on that date he closed and locked the store at about 6:10 p.m. He further testified that when he returned to open the store the next morning he found that the front glass had been broken out and 17 guns, including a Winchester .22 rifle, model 190, were missing. He read the serial numbers to all of the stolen guns and the retail price of each gun. He stated the aggregate value of the stolen property was $1,833.03.
David W. McDaniel testified that he lived in Mountain Creek, Alabama, and that he had not known appellant before the burglary of Gibson Products Store. He stated around 2:00 a.m. on June 6, 1976, he was driving his ear on a street in Clanton with a passenger by the name of Bubba Walker when he was stopped by appellant and one Butch Browder. That appellant and Brow- *1387 der asked him to give them a ride and he picked them up. That appellant directed him to drive to an old railroad track location not too far from Gibson Products. When they arrived at this point, appellant got out of the car and went across the railroad tracks to some bushes and picked up a number of guns and put them in his car. Appellant asked McDaniel to drive him to the west end of the town of Clanton to the home of James Houle, where a number of men took the guns out of his car. Appellant gave him a shotgun which he put in Peter Robinson’s car at a place known as Cleve Austin’s. McDaniel was stopped by some officers who questioned him about the burglary and he told the officers the whole story and about the shotgun in Robinson’s car.
Deputy Sheriff Billy Joe O’Bryan testified that he got the shotgun out of Robinson’s car where McDaniel told him he had put it. At trial O’Bryan identified the shotgun and it was introduced into evidence without objection. It had the serial number as testified to by Mr. Netherland.
Michael Ray Smitherman testified that he was a Deputy Sheriff of Chilton County during June of 1976. He and a number of other officers went to appellant’s home armed with a search warrant. Appellant was at home and he was shown the search warrant and told the officers there were no guns in his house. In the loft of appellant’s home the officers found a Winchester .22 rifle, model 190, and at trial it was identified by this witness and introduced into evidence as State’s Exhibit No. 2, without objection. This weapon also had the same serial number given by Mr. Netherland during his testimony.
Mr. Benny Eugene Mims testified that he was an investigator for the Chilton County Sheriff’s Department and that he had two conversations with appellant concerning the burglary of Gibson Products Store. The first conversation was on June 5, 1976, in the Chilton County Jail. Appellant was given the Miranda rights and warnings and told Mr. Mims that he understood his rights. On this occasion appellant told Mr. Mims that he had purchased the rifle from McDaniel. On June 6, 1976, Mims had a second conversation with appellant in the presence of Chief of Police Ed Thornton. This second conversation took place in the same room at the County jail and appellant was again given the Miranda rights and warnings. Appellant changed his first statement and told the officers the following story:
“He said that he and Raymond Robinson, David McDaniel and a Walker boy got together about 12 midnight at Cleveland Austin’s place. They were talking about going in Gibson’s and getting some guns. They asked him if he wanted to go along. All four of the boys got in the car and went and parked behind Gibson’s Store. Raymond broke in the window — broke the window out and Raymond, David and the Walker went in the store, handed me the guns out — they came out of the store and we put the guns in the car. We took the guns to James Houle’s house. I got one rifle, the other boys got a 30.30 rifle and a shotgun and I left the rest of the guns at James Houle’s house.”
Before the above-quoted statement was related to the jury the proper predicate was laid to show that no promises, rewards, threats or other inducements were made to appellant to get him to make this statement.
Mr. Mims further testified that appellant denied that he broke into Gibson’s or ever entered the store.
Only two persons were charged with these offenses — appellant and James Houle.
Appellant introduced some evidence in the nature of an alibi. James Houle, who was advised by the trial court that he could not be compelled to testify since he was under indictment for the same crime, elected to testify. He stated that he had known appellant for about eighteen months and that he arrived at Houle’s house around midnight on June 5, 1976, and he did not bring any guns with him and that appellant left about 2:30 a.m. and did not carry any guns with him.
*1388 Butch Browder testified that he lived with James Houle. On June 5, 1976, appellant came to the house around midnight and did not bring any guns with him. This witness further stated that McDaniel came to their house shortly after midnight and that he and appellant went out of the house to transact some business. When appellant came back in the house he had a .22 rifle with a scope on it. This rifle was identified as State’s Exhibit No. 2. He stated when appellant left around 2:00 a.m., he said he was taking the rifle home with him.
Appellant testified that he did not go to Gibson’s Store on- the night of June 4th or 5th and had not gotten together with anyone who had been to the store. He admitted going to Houle’s house in the late evening hours of June 4, 1976, just to pay a friendly visit and played checkers for a while. He stated that while he was there McDaniel arrived and said he had some guns he wanted to sell. Appellant was asked if he had any money and when he replied that he had money McDaniel invited him outside. He further stated that when he got outside that McDaniel showed him some guns in his car where Bubba Walker was sitting at the time. He said McDaniel gave him a .22 rifle in exchange for a $10.00 loan but that Mr. McDaniel never returned to redeem the loan and appellant carried the rifle home and put it in the loft to keep his children or anyone else from seeing it.
Appellant admitted that he had previously been convicted for burglary and grand larceny and had also been convicted for buying and receiving stolen property. He further testified that he did not tell the officers there was no gun in his house when they came with a search warrant to search his home.
On rebuttal the State re-called Billy Joe O’Bryan who testified that appellant stated to the officers conducting a search of his home that there was no gun in his home.
The sufficiency of the evidence is not presented for review on this appeal. There was no motion to exclude the State’s evidence; there was no request for the affirmative charge; no exceptions were reserved to the oral charge of the Court; there was no motion for a new trial, and there were no adverse rulings on the admission of any evidence which contained any merit. Fincher v. State, 55 Ala.App. 676, 318 So.2d 371; Mosley v. State, 54 Ala.App. 59, 304 So.2d 613; Stokes v. State, 54 Ala.App. 112, 305 So.2d 387.
The attorney appointed to represent appellant on this appeal filed with the Clerk of this Court a no merit letter stating that he had made a diligent examination of the transcript and that in his opinion there is no merit in this appeal and no error in the record. Counsel further certified that he mailed a copy of this letter to appellant and that he talked to him on the telephone and told him there was no merit in the appeal. Counsel made an appointment with appellant to discuss this matter in person with him on January 11, 1977, but appellant did not keep the appointment.
We, too, have carefully searched the record and are compelled to agree with appellant’s counsel that there is no reversible error in this record.
The judgment of conviction is affirmed.
AFFIRMED.
All the Judges concur.