BOWEN, Judge.
The defendant was indicted and convicted for assault with intent to murder. Sentence was twenty years’ imprisonment.
The only issue raised on appeal is whether an acquittal of rape bars a subsequent prosecution for assault with intent to murder under the double jeopardy clauses of the state and federal constitutions where both charges arise from the same factual situation against the same victim.
The State’s evidence shows that the defendant physically assaulted and raped the victim. On several occasions he threatened to kill her if she did not comply with his demands. After being raped, the victim escaped from the defendant and managed to run a short distance before the defendant grabbed her by the hair, pulled her to the ground and began kicking and beating her “real bad”. The defendant ran away when a automobile came near.
Initially, we note that the plea of former jeopardy was timely even though it was filed after the defendant had pled not guilty to the indictment. Barnett v. State, 373 So.2d 1226, 1227 (Ala.Cr.App.), cert. denied, 373 So.2d 1230 (Ala.1979); Williams v. State, 348 So.2d 1113, 1115 (Ala.Cr.App.) cert. denied, 348 So.2d. 1116 (Ala.1977).
However the plea was properly overruled. “A plea of former jeopardy is unavailing unless the offense presently charged is precisely the same in law and fact as the former one relied on under the plea. Racine v. State, 291 Ala. 684, 286 So.2d 896 (1973). This doctrine is too well established to require a further recitation of authority.” Williams, 348 So.2d at 1115; Napier v. State, 357 So.2d 1001 (Ala.Cr.App.1977), reversed on other grounds, 357 So.2d 1011 (Ala.1978).
Rape and assault with intent to murder are, in substance and nature, completely *69 different and separate crimes. Although both involve an assault, their requisite mental intents are different.
The crime of assault with intent to rape is a lesser included offense of the crime of rape because it includes all the elements of rape except consummation of the sexual act. Kelsoe v. State, 50 Ala.App. 378, 279 So.2d 549, cert. denied, 291 Ala. 786, 279 So.2d 552 (1973). However, assault with intent to murder is not a lesser included offense of rape for the reason that assault with intent to murder is not a necessary and elemental part of the crime of rape and it is not necessary to establish the crime of assault with intent to murder in an effort to make proof of rape. Generally, see annotations to Alabama Code Section 15-17-1.
Clearly, a defendant may not be convicted of both assault with intent to murder and assault with intent to rape for acts based on a single assault. Wilkerson v. State, 41 Ala.App. 265, 130 So.2d 348, cert. denied, 272 Ala. 712, 130 So.2d 350 (1961). However, this defendant has never been charged with assault with intent to rape. Additionally, here the victim was severely assaulted shortly after the rape and at a different location from where the rape occurred. Indeed, when the victim testified that the defendant raped her, defense counsel objected because “that’s not an issue in this trial”.
Consequently, we hold that the defendant’s prior acquittal for rape is not a bar to a prosecution for assault with intent to murder. We have searched the record as required by law and found no error prejudicial to the defendant. The judgment of the Circuit Court is affirmed.
AFFIRMED.
All Judges concur.