The Coosa County Grand Jury, in its March, 1983 term, indicted appellant, Boyd W. Jeffers, for attempted murder of Houston Fred Edwards. Appellant was found guilty as charged in the indictment, and on August 26, 1983, he was sentenced to twenty-one years' imprisonment in the state penitentiary.
On January 15, 1983, at about 11:30 a.m., Fred Edwards left work and was driving home, when he noticed a small brown car following him. The car pulled up beside him and he recognized appellant as the driver. He saw appellant's arm raised, so he hit his brakes and threw his body backwards. He heard a gunshot, and the glass in the window on the driver's side, in the front windshield and in the rearview mirror shattered. Edwards was not injured, so he drove to a phone and called the Sheriff's Department to report the incident. He was able to recall part of the car tag number and a description of appellant's clothing.
Teresa Edwards stated that she and Fred Edwards were married January 15, 1983, on the afternoon of the shooting. She and appellant had been married, but were divorced on November 18, 1982. She testified that appellant had previously threatened to kill Edwards.
David Windsor, an investigator for the Coosa County Sheriff's Department, testified that the distance from appellant's home in Boaz to the place where the shooting occurred in Coosa County was in excess of one hundred miles and that the distance took him approximately one hour and forty-five minutes to travel.
The defense presented two alibi witnesses, Patsy McCormick and Jack Hilley. Ms. McCormick, a friend of appellant and his daughter, testified that she saw appellant in front of her home in Boaz between 11:20 a.m. and 11:30 a.m. on the day of the shooting. Mr. Hilley, also appellant's friend, testified that he saw appellant in the vicinity of his home in Boaz at about 10:45 a.m. on the day of the shooting.
Appellant now challenges the sufficiency of the evidence to support his conviction. *Page 203 
He maintains that since he presented an alibi defense and the victim was the sole witness placing him on the scene of the shooting, the jury verdict should be overturned.
It is axiomatic that a conflict between the State's case and a defendant's alibi presents a jury question. Garrison v.State, 416 So.2d 793 (Ala.Cr.App. 1982); Walker v. State,416 So.2d 1083 (Ala.Cr.App.), cert. denied, 416 So.2d 1083 (Ala. 1982). A verdict rendered thereon will not be disturbed on appeal. Stuckey v. State, 57 Ala. App. 85, 326 So.2d 150
(Ala.Cr.App. 1976). Furthermore, a jury may believe or disbelieve all or any part of the testimony presented by either side, and even when all of the evidence against an accused comes from the victim the jury may believe such uncorroborated testimony beyond a reasonable doubt and convict the accused.Gilmore v. State, 358 So.2d 501 (Ala.Cr.App. 1978). The jury's finding in the case before us must therefore be upheld.
Appellant also contends that there was a material variance between the allegations contained in the indictment and the proof offered at trial. Specifically, appellant argues that the State failed to prove that he was ever in possession of a shotgun, firearm or explosive, or that he attempted to cause the victim's death with such a weapon.
For a variance between the indictment and the evidence to be material, it must be such as to be misleading or substantially injurious to the accused in making his defense. Boutwell v.State, 432 So.2d 531 (Ala.Cr.App. 1983); Coker v. State,396 So.2d 1094 (Ala.Cr.App. 1981). We find no variance between the indictment and the evidence. Appellant's contention actually goes to the sufficiency of the evidence, i.e., whether the victim's testimony that he saw appellant's arm raised toward him, heard a gunshot, and then observed the glass in his car windows shatter was sufficient to prove that appellant was in possession of a shotgun, firearm, or explosive. We find that the State presented sufficient evidence for the jury to conclude, by fair inference, that appellant was guilty, beyond a reasonable doubt, of the crime charged. Cumbo v. State,368 So.2d 871 (Ala.Cr.App. 1978), cert. denied, 368 So.2d 877 (Ala. 1979). We will not substitute our judgment for that of the jury.
Appellant further argues that the trial court impermissibly reopened the case after the jury rendered its verdict by allowing David Windsor to testify at his sentencing hearing. Mr. Windsor's testimony was that fragments of lead and fiber shotgun wadding were found in the victim's car after the shooting incident. This testimony was irrelevant to sentencing; the jury had already determined appellant's guilt, but we find no injury to the substantial rights of appellant created thereby. The appellant must demonstrate that the error was probably injurious to his substantial rights before a reversal is required. A.R.A.P. 45B; Carlisle v. State, 371 So.2d 975
(Ala.Cr.App.) cert. denied, 371 So.2d 975 (Ala. 1979).
We have addressed each of appellant's contentions and, in addition, we have searched the record for errors prejudicial to the substantial rights of the appellant and have found none. The judgment of conviction is affirmed.
AFFIRMED.
All the Judges concur.