Timothy Patrick Springfield was indicted for criminal solicitation of Dilaudid, a controlled substance, in violation of § 13A-12-202, Code of Alabama 1975. He was found "guilty as charged in the indictment" and was sentenced to life imprisonment as a habitual offender. The record reveals the following:
Officer Ken Williams of the Birmingham Police Department was in charge of an undercover operation concerned with reducing the demand for drugs on certain street corners. On October 26, 1989, he and several other officers conducted an undercover operation which involved videotaping and recording drug solicitations. Two other officers on undercover duty were assigned to stand in a certain area and wait until someone approached them for drugs. The officers were assigned to an area where several arrests had been made for the sale of dilaudid. Williams testified that the street names for dilaudid included K-4, K-2, hickeys, and pills.
Williams testified that the appellant and a female passenger drove up to the area where Officer Larry Fitzpatrick was working undercover and engaged him in conversation. He monitored the conversation and authenticated the videotape of the conversation which was played for the jury.
Officer Fitzpatrick testified that the appellant and a female passenger drove by and the appellant hollered that they wanted two K-4s. The appellant then pulled into an adjacent alley and Officer Fitzpatrick approached the car. The woman said she needed 2 for $90 dollars. Fitzpatrick offered 2 for $95 dollars. The appellant said, "Come on, man." (R. 94). Fitzpatrick said, "Hey man, they're Dilaudid. They're hard to come by." (R. 74). The appellant responded, "Yeah, I know." (R. 74). After some further discussion, Fitzpatrick walked away to simulate picking up narcotics. The tape was played again for the jury. Fitzpatrick did not have any drugs present and did not offer the appellant or *Page 90 
his passenger any drugs. The appellant did not present any evidence.
 I
The appellant contends that the evidence is not sufficient to sustain the conviction because, he says, there was no evidence linking him to the crime and there was no evidence corroborating the solicitee's testimony.
 "The two elements of the crime of solicitation are: first, the solicitation and, second, the specific intent that another person engage in the conduct constituting a crime. In other words, given the requisite intent, the crime is in the communication to another to commit a crime; no resulting action is necessary by the person being solicited. The offense is complete when the solicitation is made. It does not matter that the offense is never accomplished or that no overt act towards accomplishment of the solicited offense is made."
Kimbrough v. State, 544 So.2d 177, 179 (Ala.Crim.App. 1989) (citations omitted). A review of the record reveals that there was sufficient evidence of both elements. Furthermore, Fitzpatrick's testimony was sufficiently corroborated by the tape and the testimony of Officer Williams. The corroboration requirement of Ala. Code 1975, § 13A-4-1(a), "requires no more than that there be evidence other than the testimony of the accomplice (solicitee) tending to connect the defendant with the offense committed, plus circumstances which corroborate the solicitation itself and the fact that the solicitation was made in earnest." Kimbrough at 179-80 (citations omitted). See alsoAndrews v. State, 370 So.2d 320 (Ala.Crim.App.), cert.denied, 370 So.2d 323 (Ala. 1979). The evidence presented by Fitzpatrick as to both elements of the crime was sufficiently corroborated.
 II
The appellant contends that the court erred in denying his motion for mistrial because the State failed to provide him with a copy of the tape of the transaction in violation of a discovery order. This argument has no merit. The record reveals that the tape of the transaction was played to the jury at theappellant's request during his cross-examination of Officer Williams. The only objection the appellant made at this time was to the playing of any portion of the tape that did not concern the appellant's transaction and that objection was sustained. The appellant did not object to the tape until Officer Fitzpatrick testified. The prosecuting attorney also stated at that time that the appellant had the tape. The appellant cannot later complain about the admission of evidence that was admitted at his request. Even if the tape was admitted erroneously over the appellant's objection, the erroneous admission of evidence is not grounds for reversal if the same evidence has previously been admitted without objection. Hayesv. State, 395 So.2d 127 (Ala.Crim.App. 1980), cert. denied,395 So.2d 150 (Ala. 1981).
 III
The appellant contends that the trial court erred in refusing to give his requested written charge on attempted solicitation. This argument has no merit. The record reveals that the appellant's requested written charge referred to attempt to commit a controlled substance crime and not attempted solicitation. The court properly refused the charge on attempt to commit a controlled substance crime because such an offense was not charged in the indictment and is not a lesser included offense of solicitation to commit a controlled substance crime.See Ala. Code 1975, § 13A-1-9; Ainsworth v. State, 465 So.2d 467
(Ala.Crim.App. 1984). Thus, the requested charge would have a tendency to mislead or confuse. See Minnifield v. State,439 So.2d 753 (Ala.Crim.App. 1983); Payne v. State, 419 So.2d 286
(Ala.Crim.App. 1982). The record does not support a charge on what the appellant refers to as attempted solicitation.
 IV
The appellant next contends that the court erred in failing to give his requested charge on criminal conspiracy to commit a controlled substance crime. The appellant failed to preserve this issue for review, because he failed to state the *Page 91 
grounds of his objection. Ala.R.Crim.P. (Temp.) 14; Trawick v.State, 512 So.2d 818 (Ala.Crim.App. 1987); Sherer v. State,472 So.2d 443 (Ala.Crim.App. 1985). Furthermore, even if this issue had been preserved for review, the requested charge was misleading. Minnifield; Payne. Conspiracy to commit a controlled substance crime was not charged in the indictment and is not a lesser included offense of solicitation to commit a controlled substance crime.
 V
The appellant contends that the trial court improperly sentenced him under the Habitual Offender Act rather than the enhancement statute for drug convictions. Ala. Acts No. 88-918 and No. 87-612 transferred drug offenses and punishments to Title 13A in 1988 in response to Ex parte Chambers,522 So.2d 313 (Ala. 1987). Because the appellant's crime occurred after the effective date of the transfer, he was properly sentenced under the habitual offender statute.
 VI
The appellant contends that there was a fatal variance between the indictment and the evidence because the indictment charged solicitation to sell Dilaudid and the evidence indicated that the appellant solicited two K-4 pills. "For a variance between the indictment and the evidence to be material, it must be such as to be misleading or substantially injurious to the accused in making his defense." Jeffers v.State, 455 So.2d 201, 203 (Ala.Crim.App. 1984). See alsoFisher v. State, 453 So.2d 2 (Ala.Crim.App. 1984). A review of the record reveals that there was no variance between the indictment and the evidence. Jeffers. The appellant's contentions appear to go to the sufficiency of the evidence, which has been previously addressed. (See Part I, above).
AFFIRMED.
All the Judges concur.